## GARAGE SERVICE CORPORATION v. HASSETT, Collector of Internal Revenue.

### No. 901.

District Court, D. Massachusetts.

Jan. 12, 1942.

Robert H. Davison, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to the Atty. Gen., for defendant.

FORD, District Judge.

The defendant has filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. The plaintiff's claim is for refund of Social Security Tax alleged to have been erroneously assessed and collected. Whether the plaintiff was liable for the tax concededly depends upon whether or not the plaintiff was an "employer" for the taxable year 1937 within the definition given in Section 907(a) of the Social Security Act, c. 531, 49 Stat. 642, 42 U.S.C.A. § 1107(a). That section states: "The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more".

The complaint alleges that from January 1, 1937 to May 11, 1937 the plaintiff employed eight or more persons. January 1 and 2 fell on a Friday and a Saturday, respectively. May 11 fell on a Tuesday. The period January 3–May 8 included eighteen full weeks starting at midnight Saturday.

■ ■ The only question presented is whether, on these facts, the plaintiff had eight employees "on each of some twenty days during the taxable year, each day being in a different calendar week." I conclude that the plaintiff did. It was stipulated by counsel for both parties that a calendar week is a period of time of seven days' duration commencing immediately after twelve o'clock Saturday night and ending at twelve o'clock the following Saturday night. In this case, twenty working days within the taxable year could be picked from twenty such periods of time. Both January 2, if we exclude January 1 which was a holiday, and May 10 were days within the taxable year, and they fell within different calendar weeks. I cannot agree with the plaintiff's contention that the calendar week from which a day is taken must fall within the taxable year. The statute merely requires employment on a day within the taxable year. Such a day, provided it is within the taxable year, may be taken from any calendar week, whether the calendar week is wholly within the calendar year or not, as is the case here of the week in which January 2 fell. The statute omits the words "during the taxable year" after the words "calendar week". I can think of no reason to infer that Congress meant them to be implied. If the intention was that the statute should be construed as the taxpayer argues, it is apparent that Congress could have assured comprehension of their meaning by inserting the

phrase "during the taxable year" after "calendar week" instead of after "days". It seems clear to me that the taxpayer was an "employer" within the statutory definition.

The motion to dismiss is allowed.