## UNITED STATES v. BERLIN & RUSSELL AIRCRAFT MACHINE & MANUFACTURING CO. et al.

### No. 10049.

Circuit Court of Appeals, Ninth Circuit.

Nov. 23, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Gerald L. Wallace, Michael H. Cardozo, IV, and Warren F. Wattles, Sp. Assts. to Atty. Gen., all of Washington, D. C., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, both of Los Angeles, Cal., for appellant.

Charles Peckham, of Los Angeles, Cal., for appellee Berlin & Russell, etc.

Arthur H. Deibert, of Los Angeles, Cal., for appellee Charles T. Russell.

O'Melveny & Myers and Graham L. Sterling, Jr., all of Los Angeles, Cal., for appellee Intercontinent Aircraft.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court holding the partner appellees, hereinafter called taxpayer, not liable for federal unemployment taxes on their payrolls for the period extending from January 1, 1941, to May 16, 1941. Appellees had

filed their petition in the district court for proceedings under the amendment of June 22, 1938, of the Bankruptcy Act. Ch. 572, 52 Stat. 840, 11 U.S.C.A. § 1 et seq. The petition was granted and the appellees remained in possession. The United States filed an amended claim for the taxes which the district court's order disallowed.

The district court held that the appellant had failed to show that the taxpayer was an employer liable for the tax within the provisions of Sec. 1607 (a) of the Internal Revenue Code as amended. It is conceded that if taxpayer is such an employer, it is liable for the tax and the order must be reversed.

The Act provides

"§ 1607. Definitions

"When used in this subchapter—

"(a) Employer. The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week [which week is entirely within the taxable year], the total number of individuals who were employed by him in employment for some portion of the day (whether or not at the same moment of time) was eight or more. * * *" Title 26 U.S.C.A. Int.Rev.Code, § 1607(a).

The bracketed material is inserted to disclose the taxpayer's contention.

The parties are agreed that the taxpayer employed more than eight persons on twenty days during the taxable year 1941. Nineteen of the twenty days, each in a different week, occurred in weeks wholly within that year. The first of the twenty days occurred in a calendar week only partly in the taxable year. It is the contention of the taxpayer, and the holding of the district court, that not only must the days be within the calendar year but also each week must be *wholly* within that year. As so construed, the phrase "which week is entirely within the taxable year" must be read into Sec. 1607·(a) after the word "week," as inserted in the brackets in the above citation. The district court did not give its reason for adopting such interpretation.

 We are of the opinion that the specific limitation to "during the taxable year" after the word "days" gives significance to its omission after the word "week", and makes applicable the principle expressio unius est exclusio alterius. It is sufficient that the twentieth day being in the calendar year occurs in a week which is in part in the taxable year, and which is separate from the other nineteen. Garage Service Corp. v. Hassett, D.C., 42 F.Supp. 791, 792. The week certainly cannot be said to be in neither year, unless the Act itself clearly so makes it. Such a week may be "in" two calendar years. That is what we take the House and Senate Committees to mean by the phrase "20 weeks *in* the year" in their reports on an earlier bill[1] containing a similar provision. If not, the plain language of the Act would require us to ignore them. Helvering v. City Bank, 296 U.S. 85, 89, 56 S.Ct. 70, 80 L.Ed. 62.

The order is reversed.

[1] H.R.Rep. No. 615, 74 Cong., 1st Session (1935) 36; Sen.Rep. No. 628, 74th Cong., 1st Session (1935) 48.